UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOHN FUCHS, PATRICK MORIN, ANTHONY
MACAGNONE, MICHAEL CONROY, DAVID
HAINES, GEOFFREY JAMES, JAMES MALCOLM,
WILLIAM MACCHIONE, ALAN EHL, WILLIAM
WEITZMAN, FRANK WIRT, KEVIN HICKS,
JOSEPH OLIVERI, DALE STUHLMILLER, ARUTHUR
GODSELL, ROBERT CARLINO, PAUL J. O'BRIEN, JR.,
JOSEPH GANIRO, ROSS PEPE, RICHARD O'BEIRNE,
JAMES LOGAN, ANTHONY CAROPRESSO, ANTONIO
MARTINS, and TODD HELFRICH, as Trustees of the
EMPIRE STATE CARPENTERS WELFARE, PENSION,
VACATION, ANNUITY, SCHOLARSHIP, APPRENTICE-
TRAINING, LABOR-MANAGEMENT COOPERATION,
and CHARITABLE TRUST FUNDS,

       Plaintiffs,        CV-05-4069 (DRH)(ETB)

 -against-           <u>REPORT AND
                     RECOMMENDATION</u>

PRIDE INTERIORS, INC.,

       Defendant.
------------------------------------------------------------------------x

TO THE HONORABLE DENIS HURLEY, UNITED STATES DISTRICT JUDGE:

  The plaintiffs, the Trustees and fiduciaries of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds (collectively referred to as the "Trustees" or "plaintiffs"), have brought this action against Pride Interiors, Inc. ("defendant" or "Pride Interiors"), under both the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1145 and 1132(a)(3), seeking to compel defendant to permit and cooperate in an audit of its books and records and to

-1-

recover union benefit plan contributions that Pride Interiors was obligated to pay under the terms of a collective bargaining agreement, as well as interest, liquidated damages, attorney's fees and costs.

## BACKGROUND

On October 23, 2006, Judge Hurley entered a default judgment against defendant, Pride Interiors, ordering defendant to permit and cooperate in an audit of defendant's books and records with respect to defendant's contributions to plaintiffs' employee benefit funds within thirty (30) days of notice of entry of the default judgment. See Order of Hurly, J. dated Oct. 23, 2006. At the same time, Judge Hurley referred this action to the undersigned for a Report and Recommendation with respect to the amount of damages sustained by the plaintiffs. A hearing on damages was held before the undersigned on March 15, 2007.

By letter dated March 9, 2007, counsel for plaintiffs indicated that it is their belief that defendant has ceased conducting business, thereby making it impossible for plaintiffs to conduct an audit of defendant's books and records. See Letter of Thayer, Gary to Boyle, J. dated Mar. 9, 2007. Accordingly, plaintiffs no longer seek the unpaid contributions, interest and liquidated damages originally sought in their complaint. Rather, plaintiffs seek only to recover attorney's fees and costs. See id. Counsel for plaintiff reiterated these intentions at the hearing on damages held on March 15, 2007. Therefore, this Report and Recommendation only pertains to the amount of attorney's fees and costs that plaintiffs are eligible to recover.

## DISCUSSION

A. <u>Attorney's Fees</u>

Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>Kirsch v. Fleet Street, Ltd.</u>, 148 F.3d 149, 172 (2d Cir. 1998). Here, the plaintiffs produced counsel's affidavit and records of the date, time spent, and the nature of the work undertaken by each person involved in the litigation of this action. <u>See</u> Pl.'s Statement of Damages at Exh.2. The Court has reviewed these statements and finds the time spent and the fees charged to be reasonable. The Court recommends that attorney's fees of $3,237.50, the amount requested, be awarded.

B. <u>Disbursements</u>

The plaintiffs submitted an expense list, which includes costs for filing fees of $250.00 and service of process fees of $40.00, both of which are found to be reasonable expenditures in this action. <u>See</u> Pl.'s Statement of Damages at Exh. 2. Accordingly, the Court recommends that plaintiffs be granted costs in the amount of $290.00.

<u>RECOMMENDATION</u>

For the foregoing reasons, and based on the evidence submitted, the undersigned recommends that the Trustees be awarded damages as follows: (1) attorney's fees in the amount of $3,237.50; and (2) costs in the amount of $290.00, for a total monetary award of $3,527.50.

<u>FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION</u>

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's

order. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), and 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 513 U.S. 822 (1994); <u>Frank v. Johnson</u>, 968 F.2d 298 (2d Cir. 1992), <u>cert. denied</u>, 506 U.S. 1038 (1992); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

SO ORDERED.

Dated: Central Islip, New York
      March 16, 2007

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge